**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

**JOHN CONROY**                                    **CASE NO.  6:22-CV-04750**

**VERSUS**                                         **JUDGE JAMES D. CAIN, JR.**

**UNDERWRITERS AT LLOYDS LONDON**   **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the Court is "The Society of Lloyd's Rules 4 and 12(b) Motions" (Doc. 20) wherein Defendant, Society of Lloyd's, erroneously named as "Underwriters at Lloyds" ("Lloyd's") moves to dismiss the Complaint without prejudice under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, Federal Rule of Civil Procedure 12(b)(4) for insufficient process, and Federal Rule of Civil Procedure (12)(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff, represented by counsel, has not filed an opposition to this motion and the time for doing so has now lapsed.

## INTRODUCTION

On August 27, 2020, Hurricane Laura made landfall near Lake Charles, Louisiana allegedly causing damage to Plaintiff's property.  During the relevant time Plaintiff alleges that Defendant insured the property.  Plaintiff alleges that Defendant failed to properly adjust his claim and/or make timely payments.

## RULE 12(b)(6) STANDARD

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the

complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund v. (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## LAW AND ANALYSIS

Lloyd's moves dismiss Plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff has failed to state a claim.  Specifically, Lloyds argues that Plaintiff has failed to allege the insuring entity in the Lloyd's market that subscribed to Plaintiff's policy.

Lloyd's is a society incorporated by an Act of the United Kingdom Parliament in 1871; it regulates and provides services to the Lloyd's insurance market.[1] As such, Lloyd's

---

[1] Defendant's exhibit C, O'Connor Declaration, ¶ 5.

is not an insurer.[2] Instead, in the Lloyd's market, policies are underwritten by certain underwriting members of Lloyd's, sometimes referred to generically as "certain underwriters at Lloyd's."[3] Lloyd's and the underwriting members are separate and distinct entities, and Lloyd's does not underwrite policies or adjust claims on the underwriting members' behalf.[4] Nor does Lloyd's maintain a central index of policies underwritten by the underwriters. And as of underwriting year 2021, there were more than 2,000 active underwriting members of Lloyd's.[5]

"The Lloyd's Act of 1982" provides that an "underwriting member shall be a party to a contract of insurance underwritten at Lloyd's only if it is underwritten with several liability, each underwriting member for his own part and not one for another, and if the liability of each underwriting member is accepted solely for his own account."[6] Consequently, there is no single insuring entity in the Lloyd's market with the name "Underwriters at Lloyd's, London."[7] American courts, including one in Louisiana, have consistently held that the proper party defendants in a suit against underwriters at Lloyd's, London are the specific underwriters subscribing to a policy, not generic references such as "Underwriters at Lloyd's, London." *Montegut Properties, LLC v. Certain Underwriters at Lloyd's, London*, 2008 WL 11354968, at *4 (E.D. La. Apr. 14, 2008); *Certain Underwriters at Lloyd's London v. Gibraltar Budge Plan, Inc.*, 9 So.2d 646, 647-48 (Fla.

---

[2] *Id.* ¶ 6.
[3] *Id.*
[4] O'Conner Declaration, ¶ 7.
[5] *Id.*
[6] *Id.* ¶ 8.
[7] *Id.* ¶ 9.

Dist. Ct. App. 2009) ("The defendant described in the amended complaint is not an entity capable of being sued any more than 'a certain driver in Broward County' would be a proper defendant in a case arising from an automobile accident."); *Underwriters at Lloyd's, London v. Strickland*, 99 Ga. App. 89, 90-92 107 S.E.2d 860, 862-63 (1959).

Courts generally hold that the individual subscribing underwriters or Names–not the umbrella regulatory entity of Underwriters at Lloyd's, London–are the " 'real parties in interest' because they are liable on the [insurance] contract." *Certain Underwriters at Lloyd's London v. Layne*, 26 F.3d 39, 41, 43 (6th Cir. 1994).

Here, Lloyd's maintains that because the Summons and Complaint erroneously named as a defendant "Underwriters at Lloyd's, London and because that description names every underwriting at Lloyd's, London, there is no service member who could respond to the Complaint. Thus, Lloyds moves to dismiss the party "Underwriters at Lloyd's, London", because Underwriters at Lloyd's, London" lacks the capacity to be sued.

Next, Lloyd's moves to dismiss this action against Underwriters at Lloyd's, London because Plaintiff's process is insufficient under Federal Rule of Civil Procedure 12(b)(4). Again, Lloyd's moves to dismiss the Complaint because Plaintiff has not served the certain underwriter(s) at Lloyd's, London.

Finally, Lloyd's moves to dismiss the Complaint for lack of personal jurisdiction because Plaintiff has filed to show that any underwriter at Lloyd's, London subscribed to a policy naming him as an insured.

Considering this motion is unopposed, and the time for opposing the motion has lapsed, the Court will dismiss the instant action for all the reasons stated herein.

## CONCLUSION

For the reasons explained herein the Court will grant The Society of Lloyd's Rules

4 and 12(b) Motions (Doc. 20) and dismiss Plaintiff's Complaint against this Defendant.

**THUS DONE AND SIGNED** in Chambers on this 7th day of December, 2023.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**